IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY M. RAINIER, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-498-GMS |
| | ) |
| CAPTAIN RISPOLI, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Jeffrey M. Rainier, Sr. ("Rainier"), a former inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, now housed at the Caroline County Detention Center, Denton, Maryland, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) Before the court are Rainier's motion for default judgment, motion for an extension of time and motion for judgment on the pleadings. (D.I. 46, 50, 51.) For the reasons that follow, the court will deny the motions.

## II. BACKGROUND

Following screening of the complaint, a service packet was forwarded to the United States Marshals Service to effect service upon the remaining defendants. (D.I. 12.) Beginning in March 2011, waiver of service forms were returned by the majority of the defendants. (D.I. 18, 20-31, 33-37, 42.) The service packet sent to the defendant C/O Gregory ("Gregory") was

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

returned as undeliverable. (D.I. 32.) To date, he has not been served. When the served defendants had not timely answered or otherwise appeared, Rainier filed a motion for default judgment on July 18, 2011. (D.I. 46.) All of the served defendants, save the defendant C/O D. Scott ("Scott") filed an answer on July 22, 2011. (D.I. 47.) Scott is the only served defendant who has not answered or otherwise appeared. The defendant Mike Malloy ("Malloy") was served in October 2011, and he answered the complaint a few days following service.[2] (D.I. 54, 55.)

On September 9, 2011, Rainier filed a motion for judgment on the pleadings on the grounds that the defendants had failed to file a response to the motion for default judgment. (D.I. 51.) The defendants oppose the motion. (D.I. 53.)

## III. DISCUSSION

### A. Motion for Default Judgment

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the Clerk of the Court "enter. . .the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Timely serving and filing a motion to dismiss under Fed. R. Civ. P. 12(b), precludes entry of default. *See Francis v. Joint Force Headquarters Nat'l Guard*, 2006 WL 2711459 (D.N.J. Sept. 19, 2006). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is

---

[2]The pending motion for extension of time seeks additional time to serve Malloy. (D.I. 50.) Malloy was served and answered the complaint. Therefore, the motion will be denied as moot.

within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Rainier's motion for default judgment is premature given that he failed to request entry of default. In addition, all served defendants, save Scott, have answered the complaint, but Rainier's motion does not seek entry of default judgment as to Scott. (*See* D.I. 46, ¶¶ 14, 15.) This case is in its early stages and the court finds that in denying the motion, Rainier will suffer little prejudice. In addition, the defendants appear to have meritorious defenses. *See e.g., Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) (Default judgments are not favored.).

For the above reasons, the court exercises its discretion and denies the motion for entry of default judgment. (D.I. 46.)

### B. Motion for Judgment on the Pleadings

Rainier moves for judgment on the pleadings on the grounds that the defendants did not timely answer the complaint and did not serve a response to his motion for default judgment. (D.I. 51.) The defendants oppose the motion and note that they answered the complaint on July 22, 2011 and denied all wrongdoing and any liability as well as asserting a number of defenses.

Pursuant to Rule 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings will not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and that the party is entitled to judgment as a matter of law. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). In reviewing such a motion, the court applies the same standards applied under Rule 12(b)(6). *See Spruill v. Gillis*, 372 F.3d 218, 223

3

n.2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards . . . ."). Thus, the court must accept all well-pleaded factual allegations as true, and must draw all reasonable inferences in favor of the non-moving party, here the defendants. *See Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

Rainier's Rule 12(c) motion provides no basis for judgment as a matter of law. Rainier ignores the fact that the defendants filed an answered, denied liability, and have asserted affirmative defenses. The defendants' denials are sufficient to place all material facts in this case in dispute and, therefore, serve as a bar to Rainier's motion for judgment on the pleadings. Accordingly, the court will deny the motion for judgment on the pleadings. (D.I. 51.)

## IV. CONCLUSION

For the above reasons, the court will deny the motion for default judgment, will deny as moot the motion for an extension of time, and will deny the motion for judgment on the pleadings. (D.I. 46, 50, 51.)

An appropriate order will be issued.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

March 5, 2012
Wilmington, Delaware

4